*Memorandum.* The Hon. *Albion K. Parris* was appointed one of the Justices of this Court, *June* 25, 1828, but did not take his seat during this circuit.

---

*See 3 vol am junior 296*

## CLOUGH *vs.* TENNEY.

Case, and not trespass, is the proper form of remedy for a father, for the offence of debauching his daughter, where the injury was done in the house of another.

If one of two counts be bad, and a general verdict be rendered for the plaintiff, the court will not intend that the evidence supported the good count alone; but will arrest the judgment, on motion.

THIS was an action of trespass, in which the first count was for breaking and entering the plaintiff's house, and there assaulting and debauching his daughter; and the second was only for debauching the daughter, *per quod servitium amisit.* After verdict for the plaintiff, the defendant moved in arrest of judgment, on the ground that the second count, to which alone the evidence applied, was in trespas *vi et armis*, the proper remedy being an action of the case; the judge certifying that the evidence on the part of the plaintiff went in support of the *first count* only, the injury having been done not in his house, but elsewhere.

Clough v. Tenney.

*Abbot*, in support of the motion, argued that the subject matter of the second count would not sustain an action of trespass; and though the form used in this action is such, yet there are many authorities to show that it is considered an action of the case. Thus it may be laid with a *quod cum*, which is not allowable in trespass. 2. *Salk.* 636. The plea of the statute of limitations is not guilty within six years; 2. *Burr.* 753. 6. *East* 387;—but within four years, as in trespass. 2. *Salk.* 424. The injury may be laid *diversis diebus*, &c. 6. *East* 391;—and the plaintiff is entitled to full costs, though he should recover less than forty shillings. 3. *Wils.* 319. 1. *Salk.* 206.

The *gist* of the action is the loss of service. 5. *D. &. E.* 360. 3. *Burr.* 1878. No action lies by the father, merely for assaulting and debauching his child. It must be laid for breaking and entering his house, the residue being matter of aggravation. 2. *Ld. Raym.* 1032. 5. *East* 45. A license to enter would be a bar to the action; and without proof of the trespass, the action could not be supported. 1. *Tidd's Pr.* 6. 2. *Chitty's Pl.* 264. *McFadzen v. Olivant* 6. *East* 390. *Bennett v. Alcott* 2. *D. & E.* 167. 168. *Reeves' Dom. Rel.* 293. *Adams v. Hemmenway* 1. *Mass.* 145.

*Deane*, for the plaintiff, argued that the counts were well joined, because the pleadings, evidence, and judgment, proper to each, were the same. And he insisted that the objection, reduced to its elements, amounted only to this, that as to the first count, the verdict was against evidence; in which case the proper course would have been a motion to set aside the verdict; which is now too late.

He also contended that by the most approved authorities, and the better reason, where there were good and bad counts in the same writ, a general verdict for the plaintiff was supported by the good counts. *Wolcott v. Colman* 2. *Conn. Rep.* 324.

WESTON J. delivered the opinion of the Court at the ensuing term in *Washington.*

This action is in form an action of trespass *vi et armis*, and contains two counts. The first is *quare clausum*, for breaking and enter-

ing the plaintiff's house, and there assaulting his daughter, *Lydia Clough*, and getting her with child, whereby he lost her service. The second is for assaulting the daughter, and getting her with child, whereby he lost her service; without alleging that the defendant broke and entered the defendant's house, and there did the injury. A motion is filed in arrest of judgment, upon the ground that the injury set forth in the second count, to which alone it is averred the evidence applied, being in its nature consequential, the proper remedy is case, and not trespass *vi et armis*. The judge, who presided at the trial, has certified from his notes, that the evidence adduced went in support of the second count only; it appearing that the seduction took place, not in the house of the plaintiff, but elsewhere.

The legal ground upon which the parent, or he who stands in the place of the parent, is permitted to recover damages against the seducer is, a real or supposed loss of service on his part, occasioned by the injury. This being the consequential and not the direct effect of the seduction, according to the distinctions now well settled between case and trespass, redress must be sought in the form of an action on the case. Where, however, the injury has been done in the house of the plaintiff, an action of trespass *quare clausum* may be sustained; in which damages may be recovered for the unlawful acts which followed, by way of aggravation. And it is well settled that where there has been an actual breaking of the plaintiff's close, damages may be recovered for many acts consequent thereupon, for which, if they had stood alone, case would have been the proper remedy.

In looking into the old authorities, it is observable, that these distinctions are often overlooked; and actions of trespass have been sustained for injuries which, according to more modern decisions, were the proper foundation for actions on the case. Since the time of Lord *Mansfield*, the boundaries between these actions have been more accurately marked, and more strictly defined, and the necessity of adhering to them been illustrated and enforced. And the more modern authorities upon this point, have been received, and regarded as law, in Massachusetts, and in this State. We are aware that the ground upon which this motion is urged, does not go to the merits or justice of the

Clough *v.* Tenney.

case; but as the forms of judicial proceedings are in so many instances essential to the due administration of justice, great injury would arise to the community by relaxing them. It would occasion a want of precision in practice, which would overturn the rules of pleading, which, although abounding in technicalities, are admirably adapted to present clearly the point in issue between the parties. For these reasons, we are constrained to sustain the motion, and to arrest the judgment. We must have come to the same result, independent of the certificate of the judge, a general verdict being returned, and one of the counts being bad. *Judgment arrested.*